## Addison H. Hawk

### *v.*

## The Chicago, Burlington and Northern Railroad Company.

*Filed at Ottawa May 13, 1891.*

1. APPEAL—*from Appellate Court—finding of facts—recital in final judgment—when necessary—what sufficient.* Where the final judgment or determination of the Appellate Court is the result, wholly or in part, of the finding of the facts different from the trial court, it is the duty of the Appellate Court to recite in its final judgment its finding in respect of every controverted fact, material to the maintenance of its judgment, which it may find differently from the trial court, and a failure to so recite the finding is error.

2. While the judgment of the Appellate Court is conclusive as to all controverted questions of fact arising in the cause, its action is subject to review, and its records must be so made as fairly to present the ultimate facts arising upon and controlling the several issues presented by the pleadings, and upon which the judgment of the trial court was based.

3. The opinion of the Appellate Court giving its reasons for its judgment is in no sense a compliance with the statute requiring that court to recite in its order or judgment its finding of facts.

4. Where there is a recital of the facts controlling some of the issues, and no recital of facts as to other issues, it may be presumed that the Appellate Court found in respect of the latter as did the trial court.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. J. D. CRABTREE, Judge, presiding.

Mr. GEORGE L. HOFFMAN, for the appellant:

Unless the record shows such a case as would have warranted the circuit court in directing a verdict for the defendant, the Appellate Court had no right to refuse to remand on reversal.

When a case may be taken away from a jury the evidence must be undisputed, or the evidence must clearly show rashness or culpable negligence of the injured person so clearly

as not justly or fairly to admit of any other conclusion. *Parker* v. *Railway Co.* 20 Bradw. 280.

Appellant has a constitutional right to have the issues of fact submitted to a jury, where there is any evidence tending to prove his declaration. *Whalen* v. *Railroad Co.* 16 Bradw. 320; *Pennsylvania Co.* v. *Conlan*, 101 Ill. 93; *Railroad Co.* v. *Bonfield*, 104 id. 223; *Flynn* v. *Railroad Co.* 18 Bradw. 235; *Hubner* v. *Feige*, 90 Ill. 212; *Guerdon* v. *Corbett*, 87 id. 272.

The definition of negligence is a question of law, for the court; but it is always a question of fact, for the jury, whether a given case falls within that definition. *Railroad Co.* v. *Morgenstern*, 106 Ill. 216; *Myers* v. *Railway Co.* 113 id. 386; Shearman & Redfield on Negligence, (4th ed.) sec. 44.

Mr. JAMES SHAW, for the appellee:

The finding of the Appellate Court upon the controverted questions of fact is final and conclusive. Rev. Stat. chap. 110, secs. 80, 81, 84-90; *Insurance Co.* v. *McKee*, 94 Ill. 494; *Coal Co.* v. *Peck*, 105 id. 529; *Railroad Co.* v. *Bonfield*, 104 id. 223.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellant brought this action in the Carroll circuit court to recover damages for personal injury resulting from the alleged negligence of the servant of a connecting line of road, which was to complete appellee's contract of carriage. The trial resulted in a verdict and judgment for appellant for $6000. On appeal to the Appellate Court for the Second District this judgment was reversed, without remandment, and this appeal is from that judgment.

Upon looking into the record it is apparent that the judgment of the circuit court was predicated upon the finding of the fact that the railroad company was guilty of negligence, from which the injury to appellant resulted, while he was in the exercise of ordinary and proper care for his own safety,

as alleged in his declaration.  In the briefs of counsel in this court it is contended, on one side, that the findings of fact by the lower court are sustained by the evidence, while on the other it is urged that the contrary holding of the Appellate Court is sustained.  Looking into the opinion of the latter court, as we do for this purpose, we find a single legal question discussed, and that not necessarily conclusive of the right of recovery, while there is an elaborate discussion of the facts, and apparently a determination diametrically opposite to the facts as necessarily found by the trial court, both as to the negligence of the railroad company and of appellee.  The case is not reversed for error of law, but, it is manifest, solely as the result of the finding of controlling facts by the Appellate Court differently from the finding of the trial court.  The statute applicable in such cases provides :  "If any final determination of any cause  *  *  *  shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause."  (Starr & Curtis, chap. 110, par. 88.)  In such cases this court is precluded by statute from considering any errors assigned calling in question the determination of the Appellate Court upon controverted questions of fact, and is restricted to re-examination of the case upon questions of law, only.  (Ibid. par. 90.)  The parties, in cases where an appeal lies from or writ of error is prosecuted to the Appellate Court, have the right to take the judgment of this court upon the law arising upon the facts.  If, however, it appears that the law has been applied improperly upon the facts found by the Appellate Court, and recited in the final order, judgment or decree, it will be the duty of this court, on review of such

questions of law, to reverse the judgment of that court. When
the facts are found, it is always a question of law as to what
judgment should follow. It is manifest, therefore, that it was
the duty of the Appellate Court to recite in its final judgment
its finding in respect of every controverted fact concerning
every material issue submitted to the trial court, and material
and necessary to the maintenance of its judgment, which it
found differently from the trial court. (*Tenney* v. *Foote*, 95
Ill. 99; *Gray* v. *Agnew*, id. 315; *Fitzsimons* v. *Cassell*, 98 id.
332; *Commercial Ins. Co.* v. *Scammon*, 123 id. 601; *McCor-
mick Harvester Machine Co.* v. *Burandt*, 136 id. 170; *Jones* v.
*Fortune et al.* 128 id. 518; *Coalfield Coal Co.* v. *Peck*, 105 id.
529.) In no other way can the questions of law arising there-
on be properly presented to this court for consideration. Where
there is a recital of the facts controlling some of the issues,
and no recital of facts as to other issues, it may be presumed
that the Appellate Court found, in respect of the latter, as did
the trial court, as was done in *Hayes* v. *Massachusetts Mutual
Life Ins. Co.* 125 Ill. 626. But where there are no findings
properly contained in the record, there is nothing upon which
any question can be raised in this court.

While, therefore, the judgment of the Appellate Court is
conclusive and final as to all controverted questions of fact
arising in the cause, its action is subject to review, and its
records must be so made as to fairly present the ultimate facts
arising upon and controlling the several issues presented by
the pleadings, and upon which the judgment of the trial court
was based. We are asked to determine the facts from the
evidence heard by the trial court, and to find therefrom that
the Appellate Court erred in its reversal of the judgment be-
low. This we are precluded from doing by the express pro-
vision of the statute. We must accept the finding of facts by
the Appellate Court. These findings the parties may rightfully
have, to the end that all questions of law arising thereon may
be reviewed, otherwise it would be in the power of that court

to arbitrarily cut off all right of review, and defeat the manifest intention of the law.

The opinion of the Appellate Court, giving its reasons for its judgment, is in no sense a compliance with the statute. Even if findings were therein contained, they could not take the place of the recitals required as the solemn act and judgment of a court.

For the failure of the Appellate Court to recite in its order or judgment its finding of facts, the judgment of that court is reversed, and the cause remanded to that court with instructions, if it shall again enter a judgment of reversal, based upon a finding of fact, differently from that found by the trial court, that it recite in its judgment the material ultimate facts as found by it from the evidence, upon the issues submitted to and tried by the circuit court.

*Judgment reversed.*