CARL BORG

v.

THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY CO.

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

1. APPEALS AND ERRORS—*power of Appellate Court to reverse on facts without remanding.* The power of the Appellate Court to reverse without remanding, given by section 87 of the Practice act, (Laws of 1877, p. 153,) where it determines that the facts are different from those found in the court below, is not limited to cases where the trial court might direct a verdict, but extends to cases requiring the weighing of testimony and a comparison of the credibility of witnesses.

2. SAME—*reversal on facts without remanding does not infringe right of trial by jury.* The guaranty by the constitution of the right of trial by jury is not infringed by the power given to the Appellate Court to reverse without remanding upon the facts, as such practice was in existence at the time of the adoption of the constitution.

MAGRUDER, J., dissenting.

*Chicago, R. I. & P. Ry. Co.* v. *Berg,* 57 Ill. App. 521, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

MASTERSON & HAFT, for plaintiff in error:

The jury are the sole judges of the weight to be given to testimony, and a preponderance of evidence does not depend upon the number of witnesses. *Railroad Co.* v. *Fisher,* 141 Ill. 614, and cases cited.

It is the peculiar province of the jury to pass upon the credibility of witnesses where there is a conflict in the evidence, and the fact that the testimony of a witness interested in the result of the trial may be rejected or disbelieved by the jury forms no ground to disturb the verdict and judgment. *Aholtz* v. *People,* 127 Ill. 560; *Shaw* v. *People,* 81 id. 150; *Van Duzor* v. *Allen,* 90 id. 499; *People* v. *McKee,* 92 id. 397; *Haines* v. *People,* 82 id. 430; *Packet Co.* v. *True,* 88 id. 608; *McCarthy* v. *Mooney,* 49 id. 247.

When the Appellate Court finds the facts in support of its judgment different from the trial court, the facts recited must include every material issue submitted to the trial court to authorize the Appellate Court to render final judgment different from the one below; and this court may look to the record to see what were the issues in the case, and whether there was any evidence tending to prove them. *Insurance Co.* v. *Scammon,* 123 Ill. 601.

ROBERT MATHER, for defendant in error:

The Appellate Court has found as a fact that the injuries on account of which this suit was brought were the result of plaintiff's own negligence, and not of any negligence of the defendant in error. This is a finding of the "ultimate facts" which section 87 of the Practice act requires in such cases. *Railway Co.* v. *Dunleavy,* 129 Ill. 132; *Hawk* v. *Railroad Co.* 147 id. 401; *Hayes* v. *Insurance Co.* 125 id. 631; *Brown* v. *Aurora,* 109 id. 165; *Rogers* v. *Railroad Co.* 117 id. 116.

That the legislature has conferred upon the Appellate Court alone power to make such finding of facts, and that the action of the legislature in this behalf is in harmony with the constitution, are propositions which are firmly established in the jurisprudence of this State, and the doctrine of *stare decisis* forbids they should be disturbed. *Kerfoot* v. *Cromwell Mound Co.* 115 Ill. 507; *Railroad Co.* v. *Fisher,* 141 id. 621; *Railroad Co.* v. *Larson,* 152 id. 329.

Equally beyond assault at this late day is the proposition that the correctness of the finding of the Appellate Court cannot be called into question in the Supreme Court. *Railway Co.* v. *Henks,* 91 Ill. 408; *Bank of Montreal* v. *Page,* 98 id. 125; *Harzfeld* v. *Converse,* 105 id. 538; *Rogers* v. *Railroad Co.* 117 id. 116; *Railroad Co.* v. *Fisher,* 141 id. 621; *Brewing Co.* v. *Manion,* 145 id. 187; *Insurance Co.* v. *Scammon,* 123 id. 601; *Hawk* v. *Railroad Co.* 147 id. 401.

This power to reverse judgments based upon verdicts of juries as being contrary to the evidence, without re-

manding the cause for a new trial, was repeatedly exercised by the Supreme Court before the establishment of the Appellate Court. *Railroad Co.* v. *Fears,* 53 Ill. 115; *Railway Co.* v. *Bell,* 70 id. 102; *Railway Co.* v. *Muthersbaugh,* 71 id. 572; *Railroad Co.* v. *Chambers,* id. 520; *Railroad Co.* v. *Cragin,* id. 177; *Railway Co.* v. *Barlow,* id. 640; *Railroad Co.* v. *Hall,* 72 id. 222; *Railroad Co.* v. *Keen,* id. 512; *Railroad Co.* v. *Murray,* id. 128; *Railroad Co.* v. *Wellhoener,* id. 60; *Railway Co.* v. *Boyce,* 73 id. 510; *Railroad Co.* v. *Carrow,* id. 348; *Railway Co.* v. *Smith,* 74 id. 197; *Railway Co.* v. *Durkin,* 76 id. 395; *Railway Co.* v. *Jones,* id. 311; *Railway Co.* v. *Flanigan,* 77 id. 365; *Railroad Co.* v. *Stratton,* 78 id. 88; *Railroad Co.* v. *Green,* 81 id. 19; *Horne* v. *Sullivan,* 83 id. 30.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error brought suit against defendant in error to recover for injuries sustained, as it was alleged, through the negligence of defendant in error, and recovered judgment for $20,000 and costs. The Appellate Court reversed that judgment as a result of finding the facts concerning the matter in controversy different from the findings of the circuit court from which the cause was brought. The facts so found were recited in the final order of the Appellate Court, as follows: "And the court finds that the injury to the said appellee was the result of his own carelessness, and not of any negligence of appellant." This finding of fact being conclusive against the right of recovery, the cause was not remanded.

The judgment of the Appellate Court was a final determination of the cause in which it was entered. A judgment reversing and remanding for another trial is not final, but in case of a reversal without remanding, the judgment of the trial court is set aside and annulled. It ceases to be a judgment either for damages or costs. The suit is ended, and there is a judgment against the appellee or defendant in error for the costs of the appeal

or writ of error. The judgment of reversal was entered in pursuance of section 87 of the Practice act, providing for a finding of facts, upon the final determination of a cause, as a result of finding such facts different from the finding of the court from which the cause was brought; and if the Appellate Court had power to determine the controverted questions of fact in the case, this court, by section 89 of the Practice act, is prohibited from a re-examination of such questions.

It is contended by plaintiff in error that in this case the Appellate Court had no right to exercise the power conferred by section 87, because the determination of the questions of fact in issue rested upon and required the weighing of testimony and a comparison of the credibility of witnesses. At the trial the plaintiff testified to a state of facts which would justify a verdict in his favor, and on the part of the defendant there were a large number of witnesses testifying to a contrary state of facts, and the argument is that the Appellate Court could not pass upon such controverted questions of fact, but was limited to determining whether there was or was not evidence legally tending to establish a cause of action. In other words, it is claimed that the Appellate Court can reverse without remanding only under the same circumstances where a trial court might direct a verdict, and that it was never contemplated by the section of the Practice act in question to enlarge the powers of the Appellate Court beyond those possessed by the trial court. That section has been recognized in a great many cases, and was declared valid and constitutional in *Siddall* v. *Jansen*, 143 Ill. 537, and *Neer* v. *Illinois Central Railroad Co.* 151 id. 141. Its scope is the only question presented for consideration in this case. Under the interpretation contended for, the constitutionality of the section is conceded; but it is insisted that if construed to authorize the judgment in this case the act would be unconstitutional, and that the Appellate Court, by refus-

ing to remand this cause for a new trial, has deprived plaintiff in error of his constitutional right of a trial by jury.

The successive constitutions of this State have each guaranteed the right of trial by jury as enjoyed at and before the adoption of such constitution, and have preserved the right to that method of trial as it previously existed. (*Ross* v. *Irving,* 14 Ill. 171; *Commercial Ins. Co.* v. *Scammon,* 123 id. 601.) Under the common law, where causes were tried by a jury, they were reviewed on error or appeal solely for errors of law, and it was not formerly the practice to remand a case for a new trial when reversed. When the power to remand the cause and award a *venire de novo* came to be recognized as existing in the court of appeal or error, it was exercised according to the character of the case, in the sound discretion of the court, and a litigant could not demand its exercise as a matter of right. When this court was first instituted it was confined to the English practice of reviewing cases only upon errors of law, and in its early history the question of entering final judgments or remanding causes was made the subject of statutory regulation. The statute provided that in all cases of appeal and writ of error this court might give final judgment and issue execution, or remand the cause to the inferior court, in order that an execution might be there issued or that other proceedings might be had thereon. (Act of January 29, 1827.) The same provision has been continued in our statutes ever since, and when the Appellate Courts were established it was extended so as to include them. (Practice act, sec. 80.) The right of trial by jury, as it existed at common law and under the statute during the period when this court reviewed cases only upon errors of law, was subject to the power to reverse the judgment entered on the verdict of the jury for errors of law, without remanding the cause. This method of reviewing cases continued until the act of July 21, 1837, by which this

court was authorized to review the evidence and consider questions of fact upon appeal or writ of error. The statute concerning entering final judgment or remanding the. cause remaining the same as before, it then became the practice of this court to review questions of fact as well as law, and to reverse without remanding, and this practice was continued up to the adoption of the present constitution. This power to reverse without remanding was exercised in a great number of cases from 1837 up to the adoption of the present constitution, as well on a consideration of the facts as in cases determined purely on questions of law. The following are a few of the cases so reversed without remanding: *Sherman* v. *Smith*, 20 Ill. 351; *Moss* v. *Johnson*, 22 id. 633; *Orne* v. *Cook*, 31 id. 238; *Phillips* v. *City of Springfield*, 39 id. 83; *Wells* v. *People*, 44 id. 40; *Toledo, Peoria and Warsaw Railway Co.* v. *Miller*, 45 id. 42; *Ohio and Mississippi Railroad Co.* v. *Shanefelt*, 47 id. 497; *Chicago and Alton Railroad Co.* v. *McLaughlin*, id. 265; *St. Louis, Alton and Terre Haute Railroad Co.* v. *Dorsey*, id. 288; *Chicago and Northwestern Railway Co.* v. *Merrill*, 48 id. 425; *Union Hide and Leather Co.* v. *Reissig*, id. 75; *Chicago and Alton Railroad Co.* v. *Fears*, 53 id. 115.

The right of trial by jury at the time of the adoption of the constitution was understood to exist subject to the power of this court, subsequently extended to the Appellate Court, to review the judgments of trial courts on the facts, and to reverse such judgments without remanding the cause for a new trial, and it was this right of trial by jury as so enjoyed which was preserved and protected by the constitution. The practice of reversing judgments without remanding the cause was continued in this court, and a great number of cases were so reversed up to the organization of the Appellate Courts, as will appear from an examination of the Reports, and the power so exercised in this court was not questioned.

When the Appellate Courts were organized the power to determine questions of fact was conferred upon them,

162—23

and the provision for reciting facts was annexed to the power. It was said in *Commercial Ins. Co.* v. *Scammon, supra,* that this finding was required by the statute in order that those courts might not arrogate to themselves the exercise of arbitrary or capricious power in reversing cases. However that may be, the only new feature in the law was that requirement, and the power to finally determine causes upon a consideration and determination of the facts had long existed in this court. Soon after this the provisions of the statute in that regard were considered in the case of *Fitzsimmons* v. *Cassell,* 98 Ill. 332; In that case it was found by this court that the suit turned upon a controverted question of fact, and the judgment of the Appellate Court was reversed, and the cause was remanded to that court with directions to affirm the judgment of the circuit court, or to recite the facts in its final judgment if found different from the facts as found by the circuit court. Section 87 was there held to apply to cases where "it appears from the record that there is a contrariety of evidence tending to establish two distinct and opposite states of fact, which would respectively require different and opposing judgments, as the one or the other might prevail." We think that this is the proper application of the statute, although the contention of plaintiff in error perhaps finds some support in the language used in *Commercial Ins. Co.* v. *Scammon, supra,* and *Jones* v. *Fortune,* 128 Ill. 518. Under that contention the Appellate Court could not find any fact concerning the matter in controversy, or recite in its final order, judgment or decree any fact as found, but could only find and recite a conclusion of law. Where a trial court acts upon a motion to direct any particular verdict, the question raised and passed upon is one of law, and not of fact. The trial court is limited to determining whether there is or is not evidence legally tending to prove a fact or to fairly raise an issue of fact. It cannot find or determine any fact, but only whether

there is evidence which, in law, fairly tends to prove such fact. It has been repeatedly held by this court that the question whether there is sufficient evidence to fairly raise an issue of fact before the jury or whether the evidence tends to support the verdict is a question of law. (*Bartelott* v. *International Bank*, 119 Ill. 259; *Collar* v. *Patterson*, 137 id. 403; *Illinois Central Railroad Co.* v. *Nowicki*, 148 id. 29; *Post* v. *Union Nat. Bank*, 159 id. 421.) Such a question may be re-examined on appeal or writ of error by this court after being passed upon by the Appellate Court. If the trial court acts upon a motion or instruction for a particular verdict, and that question is passed upon by the Appellate Court, the case may still be brought to this court, and the question whether the evidence introduced was legally sufficient to sustain a verdict is subject to review here. And in *Brant* v. *Lill*, 96 Ill. 608, it was held that where the Appellate Court found the facts in the same way as the trial court, and reversed without remanding, this court would still look into the evidence as on a demurrer to the evidence, and if it tended to prove a cause of action it would reverse the decision of the Appellate Court. Such questions have been reviewed in numerous cases in this court, and they are not questions of fact. It is plain that the statute does not refer to such questions, but is designed to confer upon the Appellate Court more extended powers than are possessed by the judge of the trial court, and to give to the former court the power, upon a consideration of the facts, to find them different from the finding of the court from which the cause is brought, provided it shall recite in its final order, judgment or decree the facts so found.

We have seen that the right of trial by jury as it was enjoyed at the time of the adoption of the present constitution was not the right of an indefinite number of jury trials in the same cause, where an Appellate Court, on a review of the case, should find that a recovery would be merely a perversion of justice. Such right of trial

by jury was never deemed to be invaded by the reversal of a cause without remanding it for another trial. Parties still have the right to submit controversies of fact to the consideration of a jury, and the successful party gains all the advantages and benefits following a verdict under the well established rules of the courts, arising from superior opportunities to judge of the credibility of witnesses. But when, with all the advantages accorded to them, it appears to the Appellate Court that there can not be a recovery which should be allowed to stand, no constitutional right is invaded by a refusal to remand the case for successive trials which must necessarily be followed by successive refusals.

It is insisted that under this construction the Appellate Court is invested with too great arbitrary power for the safety or security of litigants. But if the legislature had the power to make the statute, it cannot be invalid because some court might so exercise it. The presumption is that it will only be exercised in proper cases.

The court is invested with the power, and its decision upon the facts being final, the question whether the exercise of that power in the consideration of the facts, in this particular instance, led the court to a correct conclusion, is not subject to review in this court. The only question here is whether the facts as found by the Appellate Court justified the judgment entered by that court,—in other words, whether the law was properly applied to the facts so found. (*Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399.) The court found that the plaintiff's injury was the result of his own carelessness and not of any negligence of the railroad company, and upon that finding of fact there could be no recovery, and the judgment was properly reversed without remanding.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.