FANNIE SCHWARTZ

*v.*

THE SUPREME COURT OF HONOR.

*Opinion filed February 21, 1902.*

APPEALS AND ERRORS—*Appellate Court's judgment is conclusive of all matters of fact in controversy.* In an action on a benefit certificate, if the Appellate Court reverses the judgment in favor of the plaintiff without remanding, and recites in its judgment that the insured died by his own hand from the effects of poison intentionally administered by him for the purpose of causing his own death, such finding is conclusive upon the Supreme Court.

*Supreme Court of Honor* v. *Schwartz,* 96 Ill. App. 587, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

JOHN G. FRIEDMEYER, and JAMES M. GRAHAM, for appellant.

CONNOLLY & BARNES, (W. B. RISSE, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this suit in the circuit court of Sangamon county against appellee upon a benefit certificate issued by it for $2000, payable on the death of her father, Abram Weinberger. The declaration alleged that Weinberger died March 12, 1899, and set out the certificate which was the foundation of the action, and contained the condition that if Weinberger should die by his own hand, whether sane or insane, the certificate should be null and void and of no effect. The defendant pleaded the general issue and special pleas, one of which averred that Weinberger died by his own hand, wherefore the

certificate became null and void and of no effect. The replication to said special plea denied that Weinberger died by his own hand. Issues were made up on all the pleas and submitted to a jury, and there was a verdict in favor of the plaintiff, followed by a judgment for the amount of the certificate. The defendant appealed to the Appellate Court for the Third District, and that court reversed the judgment without remanding the cause, and incorporated in the judgment of reversal a finding of facts, as follows: "And the court finds, from the evidence in the case, that Abram Weinberger, the assured, for whose death it is sought to recover in this case, died by his own hand, from the effects of morphine poison administered by his own hand with the intention, on his part, of causing his own death, and for that reason the appellant is not liable to this action." This appeal was taken from that judgment.

It is not claimed that the plaintiff could recover if Weinberger died by his own hand, nor that the fact found would not absolutely preclude a recovery as a matter of law, but it is contended that the Appellate Court ought not to have found the fact as it did. The issue presented by the plea alleging the fact and tried in the circuit court was one of fact. It was within the power and jurisdiction of the Appellate Court to review the facts in controversy and to make and enter in its judgment a finding as to any such fact different from the finding in the circuit court. The judgment of the Appellate Court is final and conclusive as to all matters of fact in controversy in the case. We have no right to review the judgment on that question of fact. *Williams* v. *Forbes*, 114 Ill. 167; *Coker* v. *Wabash Railroad Co.* 183 id. 223.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*