JAMES DAVIS

*v.*

THE CHICAGO EDISON COMPANY.

*Opinion filed February 21, 1902.*

1. PRACTICE—*effect where the Appellate Court finds the ultimate facts.* If the Appellate Court, in reversing a judgment at law without remanding, finds the ultimate facts controlling the issues and re-cites them in its judgment, such finding is conclusive upon the Supreme Court, and the action of the Appellate Court can only be reviewed to the extent of applying the law to the facts so found in order to determine whether the judgment is proper.

2. SAME—*Appellate Court need find only the ultimate facts.* Under section 87 of the Practice act the Appellate Court is not required to recite in its judgment the evidentiary facts which it considered in reaching its finding of the ultimate facts.

3. SAME—*when Appellate Court's recital of facts is sufficient.* A find-ing of facts by the Appellate Court in its judgment reversing a judgment in favor of the plaintiff in a personal injury case, is suf-ficient which states "that appellee was injured in the prosecution of the work upon which he was employed, by a danger of which he was aware, incident to the nature of his employment, and consti-tuting an ordinary and obvious peril of such occupation, which he assumed in accepting the employment, and that such injury was not caused by any negligence of appellant."

*Chicago Edison Co.* v. *Davis*, 93 Ill. App. 284, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. A. BISHOP, Judge, presiding.

GANN & PEAKS, and CREWS & CREWS, for appellant.

A. B. MELVILLE, and FRANK J. CANTY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District, reversing, without remanding, a judgment obtained by appellant upon a trial before a jury in the

circuit court of Cook county, for personal injury. Appellant was employed by appellee in dismantling and tearing out a battery of boilers and other machinery in one of its buildings in Chicago, and while so at work fell and received serious injuries.

Appellant's declaration contained but one count, and in substance charged that in course of and as a part of his employment he was directed by appellee's foreman to help certain other employees of appellee carry and transport large iron boiler-plates from one place in said building to another place therein, which he accordingly did, and in the course thereof had necessarily to pass over and across a certain walk or platform there, which platform was unsafe and improper for use, in that the same was narrow and scarcely wide enough for appellant to walk upon, and was open upon one of its sides, so that there was nothing to prevent the plaintiff from walking or falling off the said platform and falling down to the ground below, a distance of ten feet. He further avers that it was so dark that he was unable to see the danger to himself in walking across the said platform; that he had no warning or knowledge of any kind, or any means of knowing, of his own knowledge, of the danger to him in walking across said platform, but that the appellee knew, or ought to have known, of said danger, and ought to have so constructed said platform and so guarded and protected the side thereof that appellant would not have been subject to the danger in the performance of said work; that appellee, not regarding its duty in that behalf, so negligently constructed and maintained the said platform and the premises aforesaid, that by and through its negligence and carelessness in that behalf, appellant, while passing over and across said platform in the performance of his duties, in ignorance of said danger and with due care and caution for his own safety, necessarily and unavoidably slipped and fell off the said platform down to and upon the ground, and was injured, etc.

The general issue was pleaded and a verdict for $3500 was obtained. Appellee prosecuted an appeal, and the Appellate Court made the following finding of facts, which was incorporated in its judgment: "The court finds that appellee was injured in the prosecution of the work upon which he was employed, by a danger of which he was aware, incident to the nature of his employment, and constituting an ordinary and obvious peril of such occupation, which he assumed in accepting the employment, and that such injury was not caused by any negligence of appellant." Appellant prosecuted this appeal from that judgment, and here insists that the finding of facts above is not of such a character as to preclude this court from going into the record far enough to find out whether or not there is evidence tending to support the verdict, and further insists that if, upon such investigation of the record, such a case is not disclosed as would have warranted the circuit court in directing a verdict for the defendant, then the Appellate Court erred in reversing it. He further contends that, if that position is not tenable, it is at least the duty of this court to remand this cause, with directions to the Appellate Court that it recite in its judgment material, ultimate facts as found by it, from the evidence, upon the issues submitted to and tried by the circuit court, and cites *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 138 Ill. 37, in support of his first contention, and *Pease* v. *Ditto,* 185 id. 317, in support of his second.

The Appellate Court derived its authority to enter the judgment in question from section 87 of the Practice act. That section, and the powers of the Appellate Court under it, have so frequently been before this court for consideration that it seems hardly necessary to again enter into a discussion of them. (*Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 Ill. 348; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399.) The above cases, and those cited in them, in all of which the ques-

195—3

tions here made have received extensive consideration, have settled the practice and determined the question of the extent of the powers of review of this court. In the *Borg case, supra,* the contention that appellant first makes in this case was made and passed upon. On page 351 of that Report, in the opinion, this court says: "In other words, it is claimed that the Appellate Court can reverse without remanding only under the same circumstances where a trial court might direct a verdict, and that it was never contemplated by the section of the Practice act in question to enlarge the powers of the Appellate Court beyond those possessed by the trial court." And after a discussion in answer to the contention there made that by allowing the Appellate Court to reverse a cause upon the facts without remanding it was to deprive a litigant of his right of trial by jury, on page 355 of the opinion we said: "It is plain that the statute does not refer to such questions, but is designed to confer upon the Appellate Court more extended powers than are possessed by the judge of the trial court, and to give to the former court the power, upon a consideration of the facts, to find them different from the finding of the court from which the cause is brought, provided it shall recite in its final order, judgment or decree the facts so found." And we there held, as we have in numerous other cases, that when the Appellate Court did so find ultimate facts that were controlling in the issues, such finding was conclusive upon this court, and it could only review the action of the Appellate Court to the extent of applying the law applicable to the facts thus found, and as a matter of law determine whether the legal conclusion of the Appellate Court, from such facts, was the proper one.

The first case cited by appellant (*Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 138 Ill. 37,) came before this court without any special finding of facts in the record, and was remanded to the Appellate Court that it might make the required finding. It did so, and the case

came again to this court, and is the case of the same title reported in 147 Ill. 399, *supra.* When returned to this court the record of the Appellate Court contained the following special finding: "The appellee's injury was caused by his own want of reasonable care for his own safety at the time of and preceding the injury, and also there is and was no evidence in the record, or before the jury in the court below, proving, or tending to prove, any of the acts of negligence on the part of appellant in manner and form as charged in any of the counts in the said declaration." We there held that finding of facts sufficient and conclusive upon this court, and affirmed the judgment of the Appellate Court. In the *Borg case, supra,* the finding of facts was: "And the court finds that the injury to the said appellee was the result of his own carelessness, and not of any negligence of appellant." The rule is, that the Appellate Court shall find the ultimate and controlling facts. That court is not required to recite the evidentiary facts which it took into consideration in reaching its ultimate conclusion of facts. *Hancock* v. *Singer Manf. Co.* 174 Ill. 503; *Huyett & Smith Manf. Co.* v. *Chicago Edison Co.* 167 id. 233.

The second case cited by appellant was a replevin case, in which the Appellate Court had reversed the trial court and made a special finding that the plaintiff below was entitled to the possession of the property and to maintain the suit, and that the defendant below was guilty of the wrongful detention and taking of the property. We remanded the cause to the Appellate Court to more specifically point out in its findings how the plaintiff, with no other claim of apparent ownership than that of mere bailiff or agent, was entitled to maintain the suit.

In the case at bar were two controlling facts: the negligence of the appellee, and the degree of care required or the character of the risk assumed by the appellant. If appellee was guilty of negligence which caused the injury it was liable. If it was not guilty of negligence,

or if the appellant was not exercising due care, or was, because of the peculiar character of his employment, held to assume the risk of that business, then appellant could not recover. These material facts were found specifically by the Appellate Court and incorporated in its judgment, and we do not regard the cases relied upon by appellant as sustaining his contention.

No complaint is made as to the admission or exclusion of evidence or to any ruling of the trial court. The only errors assigned are as to the insufficiency of the findings of the Appellate Court as' to the facts, that its findings of fact were contrary to the evidence, and that its legal conclusion on the facts so found was contrary to the weight of authorities.

Finding no error in the judgment of the Appellate Court it is affirmed.                    *Judgment affirmed.*