MARGARET HUNTER

*v.*

THE NATIONAL UNION.

*Opinion filed June 19, 1902.*

APPEALS AND ERRORS—*when Appellate Court's finding is conclusive.* If a benefit certificate provides that there shall be no liability thereunder if the member has been suspended and not in good standing at the time of his death, a finding in the judgment of the Appellate Court reversing a judgment against the society on the certificate, that the deceased had been suspended and was not in good standing, is conclusive upon the Supreme Court.

*National Union* v. *Hunter,* 99 Ill. App. 146, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

JAMES MAHER, THOMAS H. CANNON, and WELLS M. COOK, for appellant.

CHARLES J. KAVANAGH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee issued a benefit certificate to Joseph E. Hunter, by which it agreed to pay to appellant $2000 at his death upon the conditions therein contained. Joseph E. Hunter died and appellant brought this suit in the superior court of Cook county upon the certificate, a copy of which was set out in her declaration. By the certificate Joseph E. Hunter was admitted as a member of defendant's order and designated a "friend." The defendant agreed to pay said sum, pursuant to the laws of the order, upon the surrender of the certificate and sufficient proof of his death, with this condition: "*Provided always,* that the said friend shall be in good standing in this order at the time of death." The application of Joseph E. Hunter was made a part of the certificate, and the declaration also contained a copy of such application. One of the conditions of the application was that the suspension of Joseph E. Hunter from the order should forfeit the rights of himself and his beneficiary to all benefits and privileges in the order. The declaration alleged the making of the application and certificate, and averred that Joseph E. Hunter died on March 25, 1896, while said certificate was in full force and effect; that he had performed all conditions and requirements by him to be performed; that he was a member in good standing at the time of his death, and that by reason thereof and by the terms and conditions of the certificate defendant became liable to pay said sum of $2000 to plaintiff. To this declaration the defendant filed a plea alleging that in accordance with its law an assessment numbered 176 was levied and notice issued for its collection Decem-

ber 10, 1895; that Joseph E. Hunter was notified of said
assessment in pursuance of the laws, rules and regulations
of the order and failed to pay said assessment, which was
due January 10, 1896, and by reason of such failure be-
came suspended from the order under its laws, and that
by reason of such suspension he was not a member in
good standing at the time of his death. Plaintiff, by her
replication, denied that Joseph E. Hunter was suspended
from membership as alleged in the plea, but, on the con-
trary, averred that he was in good standing at the time
of his death.   The issue was submitted to a jury, which
found it for plaintiff and assessed her damages at $2383.66.
The court overruled defendant's motion for a new trial
and entered judgment on the verdict.   Defendant ap-
pealed to the Appellate Court for the First District, and
that court found the fact in issue differently from the
superior court and reversed the judgment, reciting in its
final judgment the following finding of fact: "The court
finds that the insured, Joseph E. Hunter, had been sus-
pended more than thirty days prior to his death, and was
not at the time of his death a member in good standing
of the National Union, appellant." The case is brought
here by appeal from the judgment of the Appellate Court.

The only question in issue by the pleadings was the
question of fact whether Joseph E. Hunter had been sus-
pended from the defendant order or whether he was in
good standing in the order at the time of his death. That
was the issue submitted to the jury, and they found the
fact in favor of the plaintiff.   The superior court ap-
proved the finding and entered judgment on the verdict,
but the Appellate Court, upon a consideration of assign-
ments of error that the verdict and judgment were against
the evidence, found the fact differently and entered such
finding in its judgment. The judgment of the Appellate
Court is final and conclusive as to the ultimate fact, and
all that we can do is to determine whether that court,
in its judgment, properly applied the law to the fact as

found.   *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399.

A reversal of the judgment of the Appellate Court is asked only on the ground that the decision and finding of fact by that court were wrong, for the following reasons: First, because the laws of the order in respect to suspension were not self-executing and there was no affirmative act of the order declaring a forfeiture or suspension; second, there was no competent evidence that notice of the assessment was given; third, that the defendant, by its conduct in permitting Joseph E. Hunter to default from time to time without suspending him, waived its right to a compliance with its laws providing for suspension. It will be seen at once that the decision of these questions depended upon the existence of facts, and that, at most, the question whether Hunter was suspended or was in good standing was a mixed question of law and fact, as to which the finding of the Appellate Court was final. (*Moerschbaecher* v. *Supreme Council of the Royal League,* 188 Ill. 9.) The fact found by the Appellate Court was the ultimate and controlling fact in the case, and that court was not required to recite in the finding evidentiary facts. (*Davis* v. *Chicago Edison Co.* 195 Ill. 31.) It was stipulated in the application and certificate that if Joseph E. Hunter should be suspended, and should not be, at the time of his death, a member in good standing of the National Union, there would be no liability under the certificate. The Appellate Court found that he had been suspended and was not in good standing, and the law was properly applied to the fact so found. *Schwartz* v. *Supreme Court of Honor,* 194 Ill. 344.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*