EUGENE L. BROWN

*v.*

THE CITY OF AURORA.

*Filed at Ottawa November 20, 1883.*

1. APPEAL—*"finding of the facts" by the Appellate Court—what so regarded—and what is a recital of the "facts as found."* Section 87 of the Practice act provides, that if, in certain cases mentioned, any final determination of any cause shall be made by the Appellate Court, as the result, wholly or in part, of the "finding of the facts" concerning the matter in controversy, different from the finding of the court from which the cause was brought, it shall be the duty of the Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause.

2. The "finding of the facts" contemplated in that section, is the finding of the ultimate fact or facts upon the existence or non-existence of which, as set up in the pleadings in the cause, the rights of the parties depend,—it does not mean that the Appellate Court shall find what was the evidence of these facts, or that it shall find those merely subordinate or evidentiary facts, which, when established, contribute to the establishment of the ultimate fact which must exist in order to sustain the alleged cause of action or defence.

3. As, in the present case, where a person sought to recover against a city, for personal injuries resulting, as was alleged, from the negligence of the city in respect to the condition of its sidewalks, the Appellate Court found, differently from the finding in the trial court, that the sidewalk was in a reasonably safe condition at the time of the accident; that the plaintiff was aware, at the time, of the slipperiness and all other defects of the walk, and did not exercise that ordinary care that a reasonably prudent man would have exercised under the circumstances; and that the defendant did exercise ordinary care in constructing and maintaining said walk, and was in the due exercise of such care in maintaining said walk at the time of the injury. This was considered a sufficient "finding of the facts," within the meaning of the statute. The ultimate fact to be established, to enable the plaintiff to recover, was the negligence of the city, and the finding was as to that fact. As to the several subordinate facts which might be proven, and which, when considered together, as to their effect in establishing that ultimate fact, they need not be specifically found by the court, and consequently, need not be recited in its final judgment.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the circuit court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

109   165
125   505
125   631
109   165
143   328
143   540
143   549
109   165
147   309
147   403
109   165
159   608
109   165
167   238
109   165
168   556
168   561
109   165
173   503
109   165
175   482
109     165
200   ²417
109     165
e212   ³311
212   ¹313

Mr. CHAS. WHEATON, Mr. A. J. HOPKINS, and Mr. N. J. ALDRICH, for the plaintiff in error.

Mr. DALLAS M. CLAPSADDLE, City Attorney, and Mr. R. G. MONTONY, for the defendant in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Eugene L. Brown, the plaintiff in error, recovered a judgment, in the Kane circuit court, against the city of Aurora, for $6000, on account of injuries received by him in a fall upon one of the sidewalks of that city, charged to have been occasioned by the negligence of the city in not keeping the same in repair. On appeal by the city to the Appellate Court for the Second District, the judgment was reversed, on the ground the evidence did not support the verdict of the jury, and for this reason the Appellate Court declined to remand the cause to the circuit court for another trial. Brown thereupon sued out the present writ of error, and the case is now before us for review.

The facts, as specifically found by the Appellate Court, and recited in the final order in the cause, are as follows: "That the sidewalk upon which the injury was received was, at the time the said injury was received, reasonably safe, as a sidewalk, for the appellee (plaintiff in error) to pass over it, if he exercised ordinary care; that before and at the time appellee passed over said sidewalk on the occasion of receiving said injury, he was fully aware of the condition as to its slipperiness and all other defects in and of said walk, and at the said time of so passing over the said sidewalk, he, the appellee, did not exercise that ordinary care that a reasonably prudent man would have done under the same circumstances; and we further find that the appellant did exercise ordinary care in constructing and maintaining said walk, and was in the due exercise of such care in maintaining said walk at the time of said injury."

It is virtually conceded by counsel for plaintiff in error that if the foregoing is, within the meaning of the statute, to be regarded as a finding of the facts, it is conclusive of the case in this court, and the judgment of the Appellate Court must necessarily be affirmed. It is urged, however, that the findings of the Appellate Court are mere conclusions upon the facts, rather than the findings of the facts themselves. If by "conclusions upon the facts," counsel mean "conclusions of fact,"—or, in other words, inferences drawn from the subordinate or evidentiary facts,—the statement to that extent may be conceded, and yet it does not at all militate against the conclusiveness of the findings. In all cases the ultimate fact or facts to be established in a suit, and upon which the rights of the parties to it necessarily depend, are, when considered with reference to the facts or evidence by which they are established or proved, but the logical results of the proofs,—or, in other words, mere conclusions of fact. Yet these logical results of the proofs or conclusion of facts, when considered with reference to the basis of the judgment to be rendered in the cause, are properly termed the "facts found," or ultimate facts in the case. The case in hand affords as good an illustration of this as any that could be suggested.

Now, what was the main and ultimate fact which the plaintiff was bound to prove in order to recover? Manifestly the city's negligence, as charged in the declaration. How was this to be done? Not by direct proof, for negligence is not an object of any of the human senses. It, like love, anger, or good faith, is an impalpable entity, which exists in contemplation of mind only. While we daily see acts and conduct from which we may unerringly infer negligence, yet no one ever saw negligence itself. It is always a mere inference or conclusion deducible from some other fact or facts, either witnessed or satisfactorily established. When the Appellate Court, therefore, examined all the subordinate facts bearing

upon the question of negligence, it found, as an inference or conclusion from such subordinate facts, that the city was not guilty of the negligence charged, and in doing so it was acting strictly in the discharge of a proper and legitimate function, which it, and not this court, is authorized to perform.

Do counsel wish to be understood as maintaining that the facts which the Appellate Court is required to recite in its final order are nothing but the evidentiary facts,—or, more shortly, the evidence in the cause? And is it only these facts this court is prohibited from considering? It is manifest the legislature never could have intended anything of that kind. So far as the mere evidence or subordinate facts are concerned, there can never be any controversy as to what they are when once embodied in a bill of exceptions. The great controversy in all cases is, as to whether these subordinate facts prove the ultimate or issuable facts upon which every case must necessarily turn. If this court is bound to reexamine the issuable facts in every case where it is claimed the Appellate Court has erred in its findings, as is insisted on here, would it not necessarily lead to an examination of every case upon the evidentiary facts also? For how could the conclusions of fact be passed on without considering the testimony upon which they are based? It is clear there would be no other way of doing it, and this conclusively shows the fallacy of such a position. If the Appellate Court had no right to find there was, or was not, negligence on the part of the city, what should it have found? Should it merely have gone on and recited that this witness swore to this fact, and that witness swore to that fact, and so proceeded until everything testified to had been gone over? To have done so would really have been finding nothing, for all that would have been apparent upon a mere reading of the bill of exceptions. The Appellate Court, where it differs from the conclusions reached by the trial court, is required to recite in its final order the *facts as found* by that court. The expression, *"facts as found,"*

necessarily implies the drawing of a conclusion or inference from the evidentiary facts embodied in the bill of exceptions, and this conclusion or inference to be drawn is nothing more than the *factum probandum*, or ultimate fact or facts, upon which the case depends, and which it was the duty of the Appellate Court to find.

The errors assigned do not question any of the rulings of the circuit court. Nor is it claimed that any error of law has intervened, except that which results from the specific findings of the Appellate Court, and the judgment of reversal founded thereon. As to these matters the action of the Appellate Court is conclusive on this court. If its special findings were warranted by the evidence, its judgment of reversal was manifestly proper, and whether the evidence warranted the special findings is not a matter for review in this court.

The judgment will be affirmed.

*Judgment affirmed.*