LAVINA J. FOSTER ET AL. V. JAMES DEVINNEY ET AL.

[FILED JANUARY 7, 1890.]

1. **Findings:** ESSENTIAL TO VALIDITY OF JUDGMENT. In all actions tried by the court, there must be a general finding, and, when requested by one of the parties, a special finding; and if this finding be vague, uncertain, or indefinite, it will not sustain a judgment. (*Sprick v. Washington Co.*, 3 Neb., 253.

2. ——: ——. Issues properly presented to a trial court must be decided either by finding by the court or verdict of the jury before a judgment can be rendered.

ERROR to the district court for Johnson county.   Tried below before APPELGET, J.

*S. P. Davidson,* for plaintiffs in error, cited: *Smith v. Silvis,* 8 Neb., 168 ; *Pleuler v. State,* 11 Id., 547 ; *State v. Com'rs,* 12 Id., 55 ; *Warrick v. Rounds,* 17 Id., 412 ; *Vanderlip v. Derby,* 19 Id., 168 ; *State v. Weber,* 20 Id., 470 ; *State v. Bonsfield,* 24 Id., 521.

*L. C. Chapman,* for defendant in error Devinney, cited : *Sharp v. Speir,* 4 Hill [N. Y.], 76 ; *Sharp v. Johnson,* Id., 92 ; *Bouton v. Brooklyn,* 15 Barb. [N. Y.], 395 ; *In re Ingraham,* 64 N. Y., 311 ; *Woodruff v. Harrel,* 67 Tex., 398.

*Daniel F. Osgood,* for the same party, cited : *Haller v. Blaco,* 14 Neb., 196 ; *White Lake Lumber Co. v. Stone,* 19 Id., 402 ; *State v. Ragland,* 75 N. Car., 12 ; 1 Washburn, Real Property [5th Ed.], pp. 87, 39–60 ; 6 Am. & Eng. Encyc. of Law, 895.

*A. M. Appelget,* for defendant in error Frost, cited in addition to the last list of authorities : *Lowrie v. France,* 7 Neb., 191–3.

*Clarence K. Chamberlain,* for the city of Tecumseh, cited : *People v. Board,* 38 Mich., 95 ; Tiedeman, Real Property, secs. 26, 462 ; 1 Washburn, Real Property, pp. 57, 76 ; Sedg. & W., Trial of Title, sec. 13.

REESE, CH. J.

Defendants in error each filed a separate petition before the city council of the city of Tecumseh for a license to sell malt, spirituous, and vinous liquors in said city.   Each application had thirty-one names attached.   These petitions were filed on the 16th day of April, 1889, and on the 7th

27

day of May remonstrances were filed in each case, in which the following, among other objections to the issuance of the license were presented.

"That the applicant had violated the laws and ordinances governing the sale of liquor in said city during the year last past, by selling intoxicating liquors to habitual drunkards and to minors, and by allowing treating in his place of business; that the petitions were not signed by the requisite number of freeholders of the ward where the saloons were proposed to be kept; that some of the signers —naming them—were not freeholders; that the names of others were signed without their authority, and that they wished to withdraw them therefrom."

By agreement, the applications were so far consolidated as to allow of both being heard upon the same evidence, and decided at the same time by the city council. A license was granted in each case when the remonstrants appealed to the district court where the cause was heard, and the decision of the city council was affirmed. The cases are now brought to this court by remonstrants by proceedings in error.

It is objected by counsel for Frost that no appeal was taken in his case, for the reason that but one appeal was perfected, and as there was no agreement in the district court that one case should abide the result of the other, the cases were not consolidated for any purpose save the hearing before the council. This objection, had it been made in the district court, would perhaps have been meritorious, but as the cases have been treated by all parties as one since before the hearing by the council, the objection cannot now avail.

It is conceded in this court that as the name of E. T. Curren was signed to the application without her consent or authority, it should not be considered. This leaves thirty names—the statutory number, there being more than sixty freeholders in the ward. (See sec. 25, chap. 50, of Comp. Stats.)

It is contended by plaintiffs in error that the finding of the district court is insufficient to sustain the judgment. So far as this part of the journal entry of that court is concerned, the finding was as follows: "* * * and after arguments of council, the court finds that the action of the city council should be affirmed, and the action of said city council, in granting license to said applicants, held valid," etc. This objection was presented to the district court by the motion for a new trial, in the sixth clause thereof, by the following language: "6. Because there is no legal and sufficient finding of fact by the court," and it is insisted upon here.

By section 428 of the Civil Code a judgment is defined to be a final determination of the rights of the parties to an action.

By section 297 it is provided that "Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding except generally for the plaintiff or defendant, unless one of the parties request it with the view of excepting to the decision of the court upon the questions of law involved, in the trial, in which case the court shall state in writing the conclusions of fact found separately from its conclusions of law."

Section 4 of chapter 50 of the Compiled Statutes is as follows: "On the hearing of any case arising under the provisions of the last two sections, any party interested shall have process to compel the attendance of witnesses, who shall have the same compensation as now provided by law in the district court, to be paid by the party calling said witnesses. The testimony on said hearing shall be reduced to writing and filed in the office of application, and if any party finds himself aggrieved by the decision in said case he may appeal therefrom to the district court, and said testimony shall be transmitted to said district court, and such appeal shall be decided by the judge of such court upon said evidence alone."

In *Sprick v. Washington County*, 3 Neb., 255, Judge GANTT, in writing the opinion of the court, says:

"Again it appears from the record that there was no finding by the court in favor of the defendants. It is difficult to discover how a judgment can be maintained without the finding of some fact to sustain it. The finding may be general or special. And, notwithstanding the old settled rules of law, 'n the determination of actions at law and suits in equity, must, at least in some measure, be observed, yet, under our judiciary system, which recognizes but one form of action called a civil action, it seems clear that the requirements of the Code of Civil Procedure must, so far as applicable, be applied to actions of purely an equitable nature, as well as actions at law. Section 297 of the Civil Code clearly provides that in all actions tried by the court, there must be a general finding, and, when requested by one of the parties, a special finding. * * And if this finding be vague, uncertain, or indefinite, it will not sustain a judgment."

In *Smith v. Silvis*, 8 ..eb., 164, it is said, at page 168, in the opinion written by Judge COBB: "The question of partnership was fairly presented by the answer of the Wellses, and it was error in the court to dispose of the case as was done without a finding on that point."

Upon an examination of the bill of exceptions it appears that there were two principal issues tried before the district court, each of which is presented by the remonstrance. These were: That certain of the signers of the petition were not freeholders, and therefore not competent parties to sign the same; and, second, that the applicants had both been guilty of violating the law in the year preceding the application for the license. Had either one of these facts been found against defendants in error, the result would necessarily have been a reversal of the decision of the city council and a refusal of the license. It was therefore necessary that a finding, either general or special, upon these

facts, should be made by the district court in order to sustain the judgment.

It cannot be contended with any degree of success that the finding, if such it should be called, of the district court was upon any question of fact presented by the issues in the case, nor was it general, in favor of defendants in error. It was more a conclusion of law than a finding of fact. The judgment rendered by the district court was in the usual form of judgment in other cases, affirming the decision of an inferior tribunal. It was as follows:

" It is therefore considered and adjudged that the action of the said city council be, and the same is, affirmed, and that the action of the said city council in granting license for the sale of malt, spirituous, and vinous liquors be, and the same is, held valid as to both of said applicants, to which remonstrants except."

Now, to affirm the judgment—for such it was—of the city council in granting the license, it was as necessary that proper facts should be found, either generally or specially, upon which to base such judgment as in any other case, and we can see no reason why the provisions of the Code applicable to the courts, in the matter of findings and the rendition of judgments, should not be applied to cases of this kind.

But it may be said that a different rule should apply, for the reason that there are no issues regularly formed by the filing of pleadings. This, we apprehend, should make no difference. The law provides in many instances for appeals from inferior tribunals, where no issues are required by pleadings, such as in actions of forcible entry and detention of real property, appeals from assessment of the damages for land taken in the exercise of public domain, either by the state in the opening of public highways or by railroad companies in the condemnation of real estate for right of way, *ad quod damnum* proceedings, etc. In these cases no pleadings are necessary in the district court,

yet issues are as clearly defined as in cases where pleadings are actually filed.

There being no finding of facts upon which the judgment of the district court can be based, the judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.