ADDISON H. HAWK

v.

THE CHICAGO, BURLINGTON AND NORTHERN RAILROAD COMPANY.

*Filed at Ottawa October 26, 1893.*

1. NEGLIGENCE—*what plaintiff must show, to recover.* Before a plaintiff can recover for a personal injury on the ground of negligence, he must introduce evidence tending to prove some of the acts of negligence charged against the defendant, and that such acts contributed to the injury, and that at the time of the injury he was in the exercise of ordinary care.

2. APPELLATE COURT—*of the facts.* It is made the duty of the Appellate Court, in disposing of cases brought to it by appeal or writ of error, to review the facts as well as questions of law; and when it finds that a judgment has been rendered in favor of a plaintiff, when the evidence was clearly insufficient to authorize a judgment, although no error of law may have been committed in the trial court, it is the duty of the Appellate Court to reverse such a judgment.

3. SAME—*finding of facts conclusive in this court.* Where the Appellate Court finds the facts, either wholly or in part, different from the finding of the trial court, and recites such finding in its judgment, the correctness of its finding of the facts can not be considered by this court on appeal or writ of error. The judgment of the Appellate Court is final and conclusive as to all matters of fact in the case.

4. Where the Appellate Court reverses on the ground that the evidence does not sustain the judgment, the facts as found by it must be recited in the final judgment, and such finding is conclusive, and the only question presented to this court is, whether, conceding the facts to be as found, the law was properly applied in that court.

5. Where the Appellate Court, in an action to recover for an injury from negligence, finds that the plaintiff's injury was caused by his own want of reasonable care. and that there is no evidence proving, or tending to prove, any acts of negligence on the part of the defendant, no recovery can be had.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. JOHN D. CRABTREE, Judge, presiding.

Mr. GEORGE L. HOFFMAN, for the appellant.

Mr. SAMUEL RICHOLSON, and Mr. JAMES SHAW, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Addison H. Hawk, against the Chicago, Burlington and Northern Railroad Company, to recover damages for a personal injury received while standing on the platform of a certain caboose of the company, on its tracks at Aurora. The declaration contained five counts. They are, however, substantially alike. The material part of the charge in each count is, that on a certain date the plaintiff was a shipper of live stock from Chadwick, in Carroll county, to Chicago; that pursuant to contract he shipped over defendant's road several cars of live stock, and by the contract he was entitled to accompany said stock, and entitled to a passage from Chadwick to Chicago, and he became and was a passenger of the defendant, to be safely and securely carried and conveyed by the defendant while accompanying his live stock aforesaid, in transit from said town of Chadwick to said city of Chicago, for hire, and the said defendant, then and there, to-wit, at the town of Chadwick aforesaid, received the plaintiff as such passenger, requiring him to ride in the caboose or way-car attached to the train or trains carrying the said live stock over the line of the railroad extending from said town of Chadwick to said city of Chicago, and thereupon it then and there became and was the duty of the defendant to use due and proper care, by itself and its agents and servants, that the plaintiff should be safely and securely carried and conveyed over said line of railroad while accompanying said live stock from said town of Chadwick to the said city of Chicago, as aforesaid, and to give the plaintiff an opportunity of safely boarding and entering any and all cabooses attached to any train or trains in which said live stock was carried while in transit from said town of Chadwick to said city of Chicago, as aforesaid, and to have the doors of

every caboose in which the plaintiff was required to ride, as aforesaid, unlocked and unfastened, so as to enable the plaintiff to board and enter the same within a reasonable time before the train carrying said live stock would depart from any point or station along the line of said railroad between said town of Chadwick and said city of Chicago; yet the defendant did not regard its duty or use due care and diligence in that behalf, but on the contrary thereof, to-wit, at the city of Aurora, at the county of Carroll aforesaid, while the plaintiff, with all due care and diligence, then and there, on the day aforesaid, attempted to enter a certain caboose attached to the train hauling his said live stock, he then and there found the doors locked and fastened through the carelessness and negligence of the defendant and its agents, so that he was unable to go inside of said caboose, and while remaining upon the platform of said caboose waiting for the doors to be unlocked, so that he might enter before said train would start and move, the defendants, by its agents, carelessly and negligently caused said train to be suddenly and violently started and moved, and thereby the plaintiff was then and there thrown, with great force and violence, upon the platform of said caboose upon which he was standing, as aforesaid, and one of his feet was then and there caught between the bumper and the end of the platform of said caboose, by means of which said premises the said plaintiff's said foot became and was jammed, mashed and severely injured, etc.

To the declaration the defendant pleaded not guilty, and on a trial before a jury plaintiff obtained a judgment for $6000. The defendant, for the purpose of reversing the judgment, appealed to the Appellate Court, where the judgment was reversed, and the court refused to remand for another trial. The Appellate Court did not reverse on the ground that the circuit court had erred in its rulings on questions of law, but reversed solely on the ground that the evidence did not authorize a judgment against the defendant. The Appellate

26—147 ILL.

Court found the facts different from the circuit court, and
incorporated the facts as found in its final judgment, as fol-
lows: "The appellee's injury was caused by his own want of
reasonable care for his own safety at the time of and preced-
ing the injury, and also there is and was no evidence in the
record, or before the jury in the court below, proving, or
tending to prove, any of the acts of negligence on the part
of appellant (the railroad company) in manner and form as
charged in any of the counts in the said declaration."

When a case is taken by appeal or writ of error to the
Appellate Court, in disposing of the case it is the duty of the
Appellate Court to review the facts as well as questions of law,
and when it is found that a judgment has been rendered in
favor of a plaintiff where the evidence was clearly insufficient
to authorize a judgment, although no error of law may have
been committed in the trial court, it is a duty resting on that
court to reverse such a judgment. Section 88 of chapter 110
of our statute provides: "If any final determination of any
cause, as specified in the preceding sections, shall be made by
the Appellate Court, as the result, wholly or in part, of the
finding of the facts concerning the matter in controversy dif-
ferent from the finding of the court from which such cause
was brought by appeal or writ of error, it shall be the duty of
such Appellate Court to recite, in its final order, judgment or
decree, the facts as found, and the judgment of the Appellate
Court shall be final and conclusive as to all matters of fact in
controversy in such cause." Here the Appellate Court found
the facts different from the finding in the circuit court, and
in obedience to the section of the statute *supra*, the facts as
found were recited in the judgment of the Appellate Court.
Whether the Appellate Court arrived at a correct conclusion
from the facts, or found the facts correctly, can not be con-
sidered on appeal in this court, as, by the express terms of the
statute, the judgment of the Appellate Court is final and con-
clusive as to all matters of fact in controversy in the cause.

In *Brown* v. *City of Aurora,* 109 Ill. 165, a case where the Appellate Court found the facts different from the circuit court, and reversed the judgment, and refused to remand because the evidence was insufficient to authorize a recovery, the judgment of the Appellate Court was affirmed. It is there said: "Nor is it claimed that any error of law has intervened, except that which results from the specific findings of the Appellate Court, and the judgment of reversal founded thereon. As to these matters the action of the Appellate Court is conclusive in this court."

*Rogers* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 116, is a case in all respects similar to the one under consideration, so far as the real questions presented for consideration are concerned. There, as here, the action was brought to recover for negligence. In the circuit court Rogers recovered, but on appeal to the Appellate Court that court found the facts different from the circuit court, and, as was done here, reversed and refused to remand, reciting in its final judgment the facts as found. We affirmed the judgment of the Appellate Court, holding that the judgment of that court on the questions of fact was conclusive.

*Siddall* v. *Jansen,* 143 Ill. 537, is another case where we had occasion to consider the section of the statute *supra,* where the Appellate Court had found the facts different from the circuit court, reversed the judgment of the circuit court and refused to remand. We there, as in the other cases, held, where the Appellate Court reverses on the ground that the evidence does not sustain the judgment, the facts as found must be recited in the final judgment, and such finding is conclusive.

Under our former decisions there is but one question presented for consideration, and that is, conceding the facts to be as found by the Appellate Court, was the law properly applied in that court. The Appellate Court found that plaintiff's injury was caused by his own want of reasonable care, and that there was no evidence proving, or tending to prove,

:any acts of negligence on the part of the defendant.    Under :such a state of facts it is plain that the plaintiff could not .recover.    Indeed, before he could recover it devolved upon him to prove that at the time of the injury he was in the exercise of ordinary care to avoid the injury, and that the defendant was guilty of negligence which contributed to the injury.

The judgment of the Appellate Court will be affirmed. .

*Judgment affirmed.*