The Sparta Gas and Electric Company, Appellant, *vs.* The Illinois Southern Railway Co. Appellee.

*Opinion filed December 21, 1910.*

1. Appeals and errors—*a conclusion drawn from evidentiary facts is ultimate fact.* The statute requiring the Appellate Court, when reversing without remanding as a result of its finding of the facts concerning the matter in controversy different from the trial court, to recite in its final order the facts as it finds them, implies the drawing of a conclusion from all the evidentiary facts bearing on the issue, and the conclusion so drawn is the ultimate fact or facts upon which the case depends and which it is the duty of the Appellate Court to find.

2. Same—*Supreme Court will not consider evidentiary facts recited to determine whether they sustain ultimate facts.* If the Appellate Court, in its finding of facts, states all or a portion of the evidentiary facts, and in connection therewith also finds the ultimate facts, the Supreme Court will not consider the evidentiary facts recited to determine whether they sustain the ultimate facts.

3. Same—*finding of evidentiary facts may be rejected as surplusage.* A finding by the Appellate Court of facts which are evidentiary in their nature may be rejected as surplusage, and if there remains a finding of the ultimate facts in issue between the parties such finding is binding upon the Supreme Court.

4. Same—*when portion of Appellate Court's finding may be rejected as evidentiary.* A finding by the Appellate Court "that the services in question rendered by appellant for the appellee were not switching or transfer services within the meaning of said rule 23" is a mixed finding of law and fact and is evidentiary only, but a further finding "that the defendant is not guilty of charging extortionate freight or switching rates, as charged in the declaration," is a finding of an ultimate fact, and the evidentiary finding may be rejected as surplusage.

5. Same—*Appellate Court should not grant a certificate of importance after finding ultimate facts.* If the Appellate Court re-

verses without remanding because of its finding of the facts concerning the matter in controversy different from the trial court and recites its finding of the ultimate fact or facts in its judgment, it should not grant a certificate of importance and allow an appeal.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Randolph county; the Hon. CHARLES T. MOORE, Judge, presiding.

H. CLAY HORNER, for appellant.

JOHN R. MONTGOMERY, and WILLIAM T. ABBOTT, (JOHN G. DRENNAN, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellant, the Sparta Gas and Electric Company, brought an action of debt in the circuit court of Randolph county against the appellee, the Illinois Southern Railway Company, and upon a trial before a jury obtained a verdict for $1248.51, upon which judgment was rendered. The railway company appealed to the Appellate Court for the Fourth District, where the judgment was reversed, a finding of facts made and a certificate of importance granted, whereupon appellant appealed to this court.

The action was brought under section 6 of the act to prevent extortion and unjust discrimination by railroads, approved May 2, 1873, which provides that if any railroad corporation shall ask, demand, charge or receive of any person or corporation any extortionate charge or charges for the transportation of any passengers, goods, merchandise or property, or for receiving, handling or delivering freights, the person or corporation so offended against may, for each offense, recover of such railroad corporation, in any form of action, three times the amount of the damages sustained by the party aggrieved, together with cost of suit, etc. The declaration consists of 133 counts, each count charging a separate offense.

The Appellate Court made and incorporated in its judgment the following finding: "We find as ultimate facts in this case that the services in question rendered by appellant for the appellee were not switching or transfer services within the meaning of said rule 23, and that the defendant is not guilty of charging extortionate freight or switching rates, as charged in the declaration," the appellant there being the appellee here. The appellant insists that this is not a finding of the ultimate facts but is simply a finding of law, based upon the construction the Appellate Court has placed on rule 23 of the railroad and warehouse commission.

When the Appellate Court reverses, without remanding, a cause, as the result, wholly or in part, of the finding of the facts different from the finding of the trial court, it is required to recite in its final order the facts as it finds them. This implies the drawing of a conclusion from all the evidentiary facts bearing on the issue, and the conclusion so drawn is the ultimate fact or facts upon which the case depends and which it is the duty of the Appellate Court to find. (*Brown* v. *City of Aurora,* 109 Ill. 165; *Stone & Co.* v. *Ferry,* 239 id. 606.) When the Appellate Court, in its finding of facts, states all or some portion of the evidentiary facts, and in connection with the same also finds the ultimate facts, we will not consider the evidentiary facts for the purpose of determining whether the ultimate conclusion of fact is sustained by the evidentiary facts recited. (*Stone & Co.* v. *Ferry, supra.*) The first portion of the finding, "that the services in question rendered by appellant for the appellee were not switching or transfer services within the meaning of said rule 23," is a mixed question of law and fact and is evidentiary, only. It might tend to prove that appellant had no right of recovery, but it is not properly a part of the finding of the ultimate facts. That part of the finding which immediately follows, "and that the defendant is not guilty of charging extortionate freight or switching rates, as charged in the declaration," is the

conclusion of the Appellate Court upon all the evidentiary facts. The first clause of the finding, which is evidentiary, only, in its nature, may be properly rejected as surplusage. Being so rejected, we find then remaining a finding of the controlling or ultimate facts in issue between the parties, which is binding upon us. When thus viewed, the finding is purely one of fact, and it does not necessarily depend upon the construction or application of any rule of the railroad and warehouse commission. This conclusion may have been reached from a belief that the evidentiary facts proven were such that said rule 23, even as construed by appellant, did not apply, or from a belief that, notwithstanding the rule of the railroad and warehouse commission, the rates charged were not extortionate. The action is based on alleged extortionate charges for the transportation of coal from Moffat's mine, located on the line of appellee's railway, to Sparta, a distance of less than two miles, and whether the conditions were such that said rule 23 would apply under any construction to be given it, and whether, without respect to the rules of the railroad and warehouse commission, the rate charged was extortionate, were controverted questions of fact shown by the record to have been submitted to the jury, and were all presented to the Appellate Court for review upon appeal from the judgment of the trial court. Finding the ultimate and controlling facts as it did, the Appellate Court properly reversed the cause without remanding.

Appellant suggests that if its view that this is merely a finding of law and not of the ultimate facts is not correct, then the certificate of importance in this case should have been denied. There is force in this suggestion. Having thus concluded appellant by its finding of the ultimate facts, the Appellate Court should not have granted a certificate of importance in this case and allowed this appeal.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*