Submitted on Briefs. Decided October 8, 1912.

### WIRTH v. RICHTER.

(126 Pac. 987.)

**Appeal and Error — Witnesses — Cross-Examination — Scope — Judicial Discretion.**

1. The scope of cross-examination is largely discretionary with the trial court, whose action will be reviewed only for abuse.

**Evidence—Self-Serving Declarations—Admissibility.**

2. On an issue whether plaintiff bought personalty for himself and resold it to defendant, as claimed by plaintiff, or bought as defendant's agent, as claimed by defendant, testimony that in defendant's absence plaintiff stated to his wife and to others that he intended to buy the property for his own use was inadmissible as involving self-serving declarations.

From Yamhill:   GEORGE H. BURNETT, Judge.

This is an action by Traugott Wirth against John Richter. From a judgment in favor of defendant for $6.50, plaintiff appeals. A statement of the case is set forth in the opinion.                          AFFIRMED.

Submitted on Briefs without argument under the proviso of Rule 18 of the Supreme Court. 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the name of *Mr. Frank C. Hesse.*

For respondent there was a brief over the names of *Messrs. McCain & Vinton.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment rendered against him for the sum of $6.50 in an action wherein he sought to recover $50. The controversy arose out of the purchase and sale of a mare. The plaintiff's theory is that, having bought the animal for his own use, he sold it to the defendant for $250, and had received on account thereof $200. The defendant's contention is that he engaged plaintiff to purchase for him a horse at a reasonable price, which he stipulated to pay, and also to give plaintiff a reasonable compensation for his services; that plaintiff bought the mare for him and paid therefor only $190, but falsely represented to defendant that he paid for the animal $247, and that his compensation for the services performed was $3; that defendant, relying upon such representations, paid plaintiff $200, and agreed to pay the further sum of $50, but that upon discovering the fraud he found that he had overpaid plaintiff, and to reimburse him the jury

awarded the sum first hereinbefore stated.

1. It is maintained that an error was committed in refusing, over objection and exception, to permit the defendant further to be cross-examined when he appeared as a witness in his own behalf. The extent of the cross-examination of a witness is a matter resting within the sound discretion of the trial court, and its action will not be reviewed, unless it affirmatively appears that discriminating judgment has been improperly exercised. *State* v. *McGrath,* 35 Or. 109 (57 Pac. 321). The record before us fails to show any abuse of discretion, and no error was committed in the particular alleged.

2. The chief inquiry involved herein is whether or not the plaintiff bought the mare for himself, or as an agent for the defendant. In order to show that the purchase was made on his own account, he tendered in evidence the affidavit of his wife, to the effect that several days prior to the purchase he stated to her, in the absence of the defendant, that he intended to buy the animal to match one of his horses; but upon objection the affidavit was excluded, and an exception was allowed.

The defendant also produced witnesses by whom he offered to prove declarations to the same effect, which he had made in their presence, but in the absence of the defendant. Objections to such method of proving relevant facts having been sustained, exceptions were reserved, and it is maintained that errors were thereby committed.

The declarations undertaken to be proved were self-serving, and, being no part of the *res gestae,* they were inadmissible. No errors were committed in refusing to receive the affidavit mentioned, nor in excluding the testimony offered.

It follows that the judgment should be affirmed; and it is so ordered.                                            AFFIRMED.

MR. JUSTICE BURNETT, having tried the cause in the lower court, took no part in the consideration hereof.