Submitted on briefs February 9, affirmed February 23, 1921.

# THE LANCASTER TIRE & RUBBER CO. *v.* McGRAW.

(195 Pac. 815.)

**Appeal and Error—Findings Supported by Evidence Conclusive.**

1. On appeal from a judgment after trial to the court, the Supreme Court is bound by the trial court's finding if there is any substantial evidence to support it.

**Trial—Findings Which are Only Conclusions of Law Do not Sustain Judgment.**

2. Findings which are not statements of fact, but mere conclusions of law, cannot sustain a judgment based thereon.

Trial—Finding Defendant Did not Purchase Tires Held One of Fact, not Conclusion of Law.

3. In action for price of automobile tires, where the complaint alleged a sale to defendant which defendant denied, and plaintiff's evidence showed that the sale was made to defendant but the tires were billed to a corporation to give defendant the benefit of discount, while defendant testified the sale was to the corporation, a finding by the trial court that no such sale as claimed by plaintiff took place and that the tires were not purchased by defendant was a finding of ultimate fact, and not a conclusion of law, except as such conclusion might be involved in question of fact.

Trial—Omission to Find Immaterial Fact Does not Invalidate Judgment.

4. In action for price of automobile tires, where the trial court found as a fact that defendant did not purchase the tires, the failure to make any finding as to the agreed price for the tires or the partial payment of the claim does not invalidate the judgment, since such facts, if found, would not have affected the judgment.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

This is an action at law to recover money. Upon stipulation of the parties, it was tried by the court without a jury. The substance of the complaint is that during August and September, 1918, plaintiff sold and delivered to defendant certain automobile tires and a tube at the agreed price of $357.98, of which $7.50 has been paid, leaving a balance of $350.48 unpaid, for which judgment is asked. The answer consists of a general denial. Upon the trial there was a judgment for defendant, from which plaintiff appeals.

AFFIRMED.

For appellants there was a brief submitted over the names of *Mr. Chas. J. Schnabel* and *Mr. J. B. Ofner.*

For respondent there was a brief prepared and presented by *Mr. Ralph A. Coan.*

BENSON, J.—1. The assignments of error challenge the sufficiency of the findings of fact and suggest, also,

that such findings are contrary to the weight of the evidence. As to the latter, it is enough to say that this court cannot concern itself with the weight of the evidence, for if there is any substantial evidence to support a finding, we are bound thereby.

2, 3. The serious contention of the plaintiff is, that the so-called findings of fact are not statements of fact at all, but mere conclusions of law. If this contention is justified, it requires no citation of authority to reach the further conclusion that such attempted findings cannot sustain a judgment based thereon. The essential finding is as follows:

"That plaintiff claims in its complaint filed herein to have sold certain automobile tires and an inner tube to the defendant during the months of August and September, 1918, for the agreed price of Three Hundred Fifty-seven and 98/100 ($357.98) Dollars, and this court finds that no such sale took place and that the automobile tires and one inner tube claimed to have been sold to the defendant were not purchased by the defendant nor was any part thereof purchased by the defendant herein."

The testimony offered by the plaintiff is to the effect that plaintiff's salesman solicited the defendant to purchase automobile tires from plaintiff, explaining to the prospective purchaser that, while plaintiff did not sell direct to individuals, but to corporations, or large business concerns, they would sell the tires to him, and bill them to the corporation of which defendant was an officer, thereby enabling him to secure the liberal discounts which were granted such larger concerns; that with that understanding, defendant purchased four tires for an automobile belonging to the foreman of the Centralia Mining Company of which defendant was president, and four tires for an automobile belonging to the defendant personally, all of which were billed

to the Centralia Coal Mining Company, with the distinct understanding between the defendant and plaintiff's salesman, that defendant was the actual purchaser, and that the billing of the merchandise to the corporation was for the sole purpose of enabling the defendant to secure the discounts which the business rules of the plaintiff corporation would not allow to an individual. The evidence on behalf of the defendant is to the effect that, while the automobiles were the private property of the individuals who used them, they were used constantly in the service of the Centralia Coal Mining Company, which was to pay for the upkeep thereof; that when defendant ordered the merchandise in question, he did so expressly for the Centralia Coal Mining Company and not otherwise, and that there was never any agreement or understanding such as was testified to by witnesses for the plain-. tiff. It will thus be observed that there is a direct conflict in the testimony as to who was, in fact, the purchaser of the merchandise described in the complaint. The plaintiff asserts that it was sold to and purchased by the defendant, who, in turn, declares that it was purchased by and sold to the Centralia Coal Mining Company. The complaint alleges that it was sold to the defendant, which is denied by the answer. The finding of the fact made by the trial court is to the effect that the sale was not made to the defendant, and that the defendant had not purchased the same or any part thereof. If this is not a finding of an ultimate fact in the case, then it is equally true that the pleadings raise no issue of fact pertaining to a sale.

Tested by the rule clearly announced and fully discussed in *Oregon Home Builders* v. *Montgomery Inv. Co.*, 94 Or. 349 (184 Pac. 487), the finding made by the court is one of fact and not a conclusion of law,

except as the latter may possibly be involved in the question of fact.

4. It is also urged that the findings of fact are inadequate for the reason that no finding is made as to the agreed price, or the partial payment of the claim. This contention is also disposed of by the case of *Oregon Home Builders* v. *Montgomery Inv. Co.,* 94 Or. 349 (184 Pac. 487), wherein this court says:

"Generally, a special verdict must pass upon all the material issues; and yet a special verdict will be adequate if it states sufficient findings on an issue which ultimately determines the case and necessarily supports the judgment rendered so that other issues in the controversy become immaterial."

So, in the present case, if the defendant has purchased no merchandise from the plaintiff, the value of the merchandise and the sums paid on account of a sale to someone else are immaterial, and cannot in any way affect the judgment.

Finding no error in the record, the judgment is affirmed.        AFFIRMED.