Argued October 10, affirmed November 20, 1923, costs retaxed January 8, 1924.

## MAEDER STEEL PRODUCTS CO., A CORPORATION, *v.* FRED ZANELLO AND J. J. ZANELLO, CO-PARTNERS, DOING BUSINESS AS ZANELLO BROS.

(220 Pac. 155.)

**Sales—Amount of Seller's Bid and Acceptance by Buyers Held Fact Question for Trial Court.**

1. The amount of a bid for furnishing steel to contractors and acceptance thereof by the latter held questions of fact for the trial court in the seller's action for the balance due.

**Contracts—Bid or Offer must be Accepted to Become Contract.**

2. A bid or offer, to become a contract, must be accepted.

**Appeal and Error—Findings of Fact, Like Verdict, cannot be Set Aside if Material Allegations are Supported by Evidence.**

3. Findings of fact, being analogous to and having the effect of a special verdict, cannot be set aside, on defendants' appeal, if there is some competent evidence supporting each material allegation of the complaint.

**Trial—"Finding" and "Finding of Fact" Defined.**

4. The word "finding" imports ascertainment of a fact in a judicial proceeding, and commonly applies to the result reached by a judge, and a finding of fact is a determination by a court, from the evidence, of a fact averred by one party and denied by the other.

**Pleading—"Fact or Matter at Issue" Defined.**

5. A fact or matter at issue is that on which plaintiff proceeds, and which defendant controverts in his pleading.

**Trial—"Evidentiary Fact" Defined.**

6. An evidentiary fact is a fact furnishing evidence of some other fact.

**Trial—"Conclusions of Fact" Defined.**

7. Conclusions of fact are inferences drawn from the subordinate or evidentiary facts.

**Trial—Findings of Fact must State Ultimate Facts.**

8. Section 158, Or. L., requiring findings of fact by the court sitting without a jury, is satisfied by a statement of the ultimate facts on which the law must determine the parties' rights, and not the evidence on which such facts rest.

**Trial—Statute Requiring Findings of Fact and Conclusions of Law Mandatory.**

9. Section 158, Or. L., requiring separate findings of fact and conclusions of law by a court sitting without a jury, is mandatory, and refusal or failure to make them is a denial of a substantial right.

**Trial—Vague and Uncertain Findings Insufficient on Direct Attack to Support Judgment.**

10. The purpose of findings of fact and conclusions of law being to dispose of the issues and exhibit the grounds on which the judgment rests, findings so vague, uncertain and indefinite that the appellate court cannot determine the facts intended to be found are insufficient, when directly attacked, to support the judgment.

**Judgment—Must Conform to and be Supported by Findings.**

11. A judgment must conform to and be sufficiently supported by the findings.

**Trial—"Ultimate Fact" Defined.**

12. An ultimate fact is the final or resulting fact reached by processes of logical reasoning from detached or successive facts in evidence, and fundamental and determinative of the whole case.

**Trial—Finding of Evidentiary Facts Held Unnecessary.**

13. Where there was testimony as to what an agreement shown by exhibits comprising an offer and acceptance was, and when and how it was made, it was the court's duty to find only the ultimate facts, and not the evidentiary facts from which inferred.

**Trial—Finding as to Sale, Delivery and Agreed Price of Goods Held not Indefinite or Uncertain.**

14. A finding that plaintiff, between named dates, at defendants' special instance and request, sold and delivered goods, wares and merchandise to defendants at an agreed price stated, *held* not indefinite or uncertain, and hence not insufficient on which to base a judgment, as is a blanket finding.

**Trial—Findings must be Made on All Material Issues.**

15. Findings on all material issues must be made by a court sitting without a jury.

**Appeal and Error—Fact Findings Set Aside Only When Clearly Unsupported by Evidence.**

16. Findings of fact by a court sitting without a jury can be set aside only when the Supreme Court can affirmatively say that there is no evidence supporting them.

**Trial—Findings on Issues Presented by Defendant Held Necessary.**

17. In an action for a balance due for goods sold, an alleged agreement to reduce the purchase price and a claim for labor performed by defendants at plaintiff's request, *held* material issues, as to which it was necessary for the court to make findings.

**Sales—Finding Held Broad Enough to Support Conclusion of Law.**

18. In an action for a balance due for steel furnished by plaintiff to defendant contractors, a finding that defendants were not compelled to bend and cut the steel because of any fault, failure, or neglect by plaintiff to deliver the steel agreed to be furnished *held* broad enough to support a conclusion of law on which defendants' counterclaim for the value of such labor was disallowed.

**Witnesses—Statements Out of Court not Competent Corroborative Evidence.**

19. A witness' statements out of court consistent with his sworn testimony are not competent corroborative evidence.

**Evidence—Self-serving Declarations Incompetent if not Part of Res Gestae.**

20. Generally, self-serving declarations, whether written or oral, are not competent if not parts of the *res gestae.*

**Witnesses—Proof of Similar Story by Witness When No Motive for False Testimony Existed Admissible.**

21. Where a witness is assailed on the ground of recent fabrication of a motive for testifying falsely, proof that he gave a similar account when such motive did not exist, before the effect thereof could be foreseen, or when motives of interest would have induced a different statement, is admissible, if the conversation occurred soon after the transaction, is consistent with statements made on oath, and contains such pertinent facts as reasonably furnish some test of the witness' integrity and accuracy of recollection.

**Evidence—Contractor's Testimony as to Inclusion of Raise in Price of Material in Contract Price Held Properly Excluded as Self-serving.**

22. In an action for the balance due for material furnished to contractors, who differed from plaintiff as to the amount of the latter's bid, testimony of one of defendants as to whether a raise

20. Admissibility of self-serving declarations, see note in 93 **Am. Dec.** 279.

in price in the amount claimed by him was included in the price at which the building contract was let *held* properly excluded as self-serving.

**Customs and Usages—"Custom" Defined.**

23. A custom, in its more technical legal sense, is a usage which has obtained the force of law, but the word is also employed by the courts in its more popular sense of a practice or course of acting.

**Appeal and Error—Supreme Court cannot Weigh Evidence.**

24. The Supreme Court cannot weigh the evidence.

From Multnomah: D. R. PARKER, Judge.

Department 2.

The Maeder Steel Products Company, a corporation, as plaintiff, instituted this action against Fred Zanello and J. J. Zanello, copartners, doing business under the firm name of Zanello Bros., as defendants. The complaint avers, among other things:

"That heretofore, to-wit, between the 24th day of March, 1920, and the 30th day of October, 1920, plaintiff sold and delivered to defendants, at their special instance and request, goods, wares and merchandise, at the agreed price of $13,033.75, and thereby said defendants became indebted to plaintiff in such sum of $13,033.75."

Plaintiff then alleges that no part of the $13,033.75 has been paid, except $11,752.56, leaving a balance due, owing and unpaid from the defendants by reason of the sale and delivery of the goods, wares and merchandise so sold by plaintiff to defendants, in the sum of $1,281.19. Judgment is demanded for that balance.

Defendants, in their answer, admit the sale and delivery of merchandise to them by plaintiff as averred in the complaint, but deny that they became indebted to plaintiff, on account of such sale, in the sum of $13,033.75, or in any greater sum than $12,283.75.

Defendants allege that they have paid to plaintiff the sum of $11,650 in cash and $102.56 in lumber, on account of the merchandise mentioned in plaintiff's complaint, and they then aver that in addition to the payments aggregating $11,752.56, they are entitled to a further credit of $182 against the unpaid balance, upon two counterclaims set forth in their answer, leaving a balance now due to plaintiff from defendants in the sum of $349.19, and no more.

Defendants' first counterclaim is based upon an alleged agreement existing between the plaintiff and defendants, to cut the purchase price of the merchandise in the sum of $68.25 by reason of a change in the plans of the Labor Temple which reduced the amount of steel the plaintiff was required to furnish to the defendants under its contract with them. The second counterclaim, in the sum of $113.75, is based upon a claim for labor performed by the defendants in bending and cutting steel at the instance and request of the plaintiff.

The case was tried by the court without the intervention of a jury. Based upon findings of fact and conclusions of law, the counterclaims of the defendants were disallowed by the court and judgment entered in favor of the plaintiff in the full sum of the balance of $1,281.19 alleged in the complaint.

The defendants appeal from the ruling of the court in admitting certain evidence and excluding other evidence; in making findings of fact in favor of the plaintiff, and in refusing to make findings of fact requested by the defendants. Defendants assert—

"That there is not sufficient findings of fact to sustain the judgment, and that there is no evidence to sustain the alleged findings of fact."

AFFIRMED.    COSTS RETAXED.

For appellants there was a brief and oral argument by *Mr. A. H. Tanner.*

For respondent there was a brief over the names of *Mr. W. G. Smith* and *Messrs. Winter & Maguire,* with an oral argument by *Mr. Smith.*

BROWN, J.—The sum of $13,033.75, being the total averred value of the wares and merchandise sold by the plaintiff to the defendants at the times mentioned in the complaint, is made up of the following items: $11,150, cost of reinforcing steel supplied by the plaintiff to the defendants in the construction of the Labor Temple in Portland, Oregon; $133.75, amount due and owing to plaintiff from defendants on an existing open account at the time this action was filed; and $1,750, amount due and owing plaintiff from defendants for steel girders supplied by plaintiff to defendants. Regarding the last two items, there seems to be no dispute between the parties. But there is a controversy in the matter of the amount of the bid for furnishing the steel used for reinforcing concrete in the construction of the Labor Temple, and in the matter of the counterclaims. The defendants allege and testify that the bid submitted by plaintiff was in the amount of $10,400, and not the sum of $11,150.

1, 2. The amount of the plaintiff's bid for furnishing the steel, and the acceptance thereof by the defendants, was a question of fact, to be determined by the trial court. It is elementary, in the law of contracts, that a bid or offer, to become a contract, must be accepted. The plaintiff claims that its bid of $11,150 was accepted. This the defendants deny

and assert that their letter hereinafter set out was not an acceptance of plaintiff's bid of March 8, 1920. For the purpose of furnishing proof of the bid of $11,150, plaintiff offered in evidence a carbon copy of a letter alleged to have been written by it to defendants. This letter, which was received and marked Exhibit 1, reads as follows:

"March 8, 1920.

"Zanello Bros.,
    "Portland, Oregon.
"Gentlemen:
    "In reply to your verbal inquiry for a quotation on reinforcing steel for the Labor Temple, we are pleased to quote you the sum of $11,150.00, f. o. b., for all reinforcing steel bars, cut, bent, bundled and tagged, ready to place in the forms, including the fabrication of all columns.
    "This quotation is based on delivery from warehouse, and as our mill has promised shipment this week of all our back orders, we see no reason for delay in delivery.
    "Trusting that this figure may be low enough to warrant giving us the order, we remain,
                    "Yours very truly,
            "THE MAEDER STEEL PRODUCTS CO."

A. L. Maeder, president of the plaintiff corporation, testified:

"That is an exact copy of the letter I put in Mr. J. J. Zanello's hand. He took the letter and he read it and he says: 'I have to consult my brother Fred about it, and I will let you know later.' That was his exact words, and that is an exact copy."

For proof of the acceptance of the bid, a written communication from Zanello Bros., by J. J. Zanello, was adduced in evidence. It reads:

"Portland, Oregon, March 18, 1920.
"Maeder Steel Products Co.,
   "Portland, Oregon.
            "Attention Mr. Maeder.
"Gentlemen:
   "We wish to advise that the work on our Labor
Temple job is scheduled to begin within the next
two weeks, and as the excavations are already com-
pleted we will need steel as soon as we get started.
We do not wish to be held up on this work and re-
quest that you start to get the steel at once. You
realize that every day we are held up means a big
loss, and we wish to avoid same. We are, therefore,
now notifying you to prepare the steel.
   "Trusting that you will have the same in stock so
as to give us the same good service you have in the
past, we remain,
                     "Very truly yours,
                        "ZANELLO BROS.,
                     "By J. J. ZANELLO."

The two letters form the basis of this action.

The testimony of D. H. Rowe and Thos. Keene is
corroborative of the above matter.

The showing made by the plaintiff was bitterly
contested by the defendants. Much of the testimony
in the record is in conflict. Trial by jury was waived
in accordance with the provisions of Section 157,
Or. L., and at the conclusion of the hearing the court
made findings of fact and conclusions of law.

Where a case is tried by the court without the
intervention of a jury, after the evidence has been
introduced the court is required, in making its de-
cision, to state separately the facts found and the
conclusions of law, and judgment shall be entered
in accordance therewith: Or. L., § 158.

The defendants assert that the findings are con-
trary to the weight of the evidence.

3. It is settled in this jurisdiction that the findings of fact, being deemed a verdict, cannot be set aside on appeal if there is some competent evidence to support each material allegation of the complaint: *Lancaster T. & R. Co.* v. *McGraw,* 99 Or. 406 (195 Pac. 815); *Cannon* v. *Farmers' Union Grain Agency,* 103 Or. 26, 34 (202 Pac. 725), and cases there noted.

4. The defendants attack the sufficiency of the findings of the trial court to sustain the judgment.

"Finding. A word which imports the ascertainment of a fact in a judicial proceeding, and commonly is applied to the result reached by a judge. * *

"Finding of fact. A determination by a court, found on the evidence of a fact averred by one party and denied by the other. * * " 25 C. J. 1133.

5, 6. A "fact or matter at issue" is that upon which the plaintiff proceeds by his action, and which the defendant controverts in his pleading: *Caseday* v. *Lindstrom,* 44 Or. 309 (75 Pac. 222).

"Evidentiary fact. A fact furnishing evidence of some other fact." 23 C. J. 174.

See also Black's Law Dictionary, 475.

7. Conclusions of fact are inferences drawn from the subordinate or evidentiary facts: *Caywood* v. *Farrel,* 175 Ill. 480, 482 (51 N. E. 775). To the same effect is *Brown* v. *Aurora,* 109 Ill. 165, 167.

Findings of fact by the trial court are analogous to, and have the effect of, a special verdict: *Turner* v. *Cyrus,* 91 Or. 462 (179 Pac. 279); *Oregon Home Builders* v. *Montgomery Inv. Co.,* 94 Or. 349 (184 Pac. 487). In the latter case this court says (p. 355):

"Generally, a special verdict must pass upon all the material issues; and yet a special verdict will be adequate if it states sufficient findings on an issue which ultimately determines the case and necessarily

supports the judgment rendered so that other issues in the controversy become immaterial.''

8. Our statute providing for findings is satisfied by a statement of the ultimate facts on which the law must determine the rights of the parties. As said in *Norris* v. *Jackson,* 9 Wall. (U. S.) 127 (19 L. Ed. 608, see, also, Rose's U. S. Notes):

''It is not a mere report of the evidence, but a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest.''

In *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777), an action brought to recover money alleged to be due on the breach of a contract, tried by the court without a jury, Mr. Justice MOORE wrote (p. 286):

''The court should find and state the facts constituting the primary right of action or defense, the corresponding duty and the breach thereof, and the injury resulting therefrom, and, as a conclusion deducible from the facts so found, the law applicable thereto. The findings, when so made, filed, and entered of record in the journal, become a part of the judgment-roll, and constitute the foundation which supports the judgment.''

9. The provisions of the statute requiring the court to make findings of fact and conclusions of law are mandatory, and if the court refuses or fails to make findings of fact and conclusions of law thereon, it is a denial of a substantial right of the litigant. See the case of *Willamette Box & Lbr. Co.* v. *Wheeler,* 102 Or. 459 (202 Pac. 714).

10. The purpose of findings of fact and conclusions of law is to dispose of the issues of fact and to exhibit the grounds upon which the judgment rests:

*Chatfield* v. *Continental Building etc. Assn.,* 6 Cal. App. 665 (92 Pac. 1040).

"If the truth or falsity of each material allegation in issue can be demonstrated from the findings, the law is complied with. The true test of the sufficiency of a finding is whether it would answer if presented by the jury in the form of a special verdict." 8 Standard Proc. 1024.

If the findings are so vague, uncertain and indefinite that the appellate court cannot determine the facts that the trial court intended to find, they are, when directly attacked, insufficient to support the judgment: *Clark* v. *Thorpe Bros.,* 117 Minn. 202 (135 N. W. 387); *Lesher* v. *Getman,* 28 Minn. 93 (9 N. W. 585); *Kirkwood* v. *First Nat. Bank,* 40 Neb. 484 (58 N. W. 1016, 42 Am. St. Rep. 683, 24 L. R. A. 444); *Foster* v. *Devinney,* 28 Neb. 416 (44 N. W. 479).

"Since the purpose of the findings is to dispose of the issues of fact and exhibit the grounds upon which the judgment rests, it is necessary that they should be so definite and certain as not to require an investigation on review to determine what issues are decided; that is, they should be stated with such fullness and accuracy that the court can see that the judgment is supported by them." 8 Standard Proc. 1028, and authorities there cited.

11, 12. In order that the judgment may have a proper basis, it must appear from the record that it conforms to the findings, and the findings must be sufficient to support the judgment: *Fink* v. *Canyon Road Co.,* 5 Or. 301; *Drainage Dist. No. 4* v. *Crow,* 20 Or. 535 (26 Pac. 845); *Freeman* v. *Trummer,* 50 Or. 287 (91 Pac. 1077); *Darling* v. *Miles,* 57 Or. 593 (111 Pac. 702, 112 Pac. 1084); *Webb* v. *National Bank,* 146 Fed. 717 (77 C. C. A. 143).

"In all cases the ultimate fact or facts to be established in a suit, and upon which the rights of the parties to it necessarily depend, are, when considered with reference to the facts or evidence by which they are established or proved, but the logical results of the proofs, or, in other words, mere conclusions of fact. Yet these logical results of the proofs or conclusions of facts, when considered with reference to the basis of the judgment to be rendered in the cause, are properly termed the 'facts found,' or ultimate facts in the case." *Brown* v. *Aurora,* 109 Ill. 165, 167.

"Ultimate fact.   The final or resulting fact reached by processes of logical reasoning from the detached or successive facts in evidence, and which is fundamental and determinative of the whole case." Black's Law Dictionary, p. 475.

In *Louisville etc. Ry. Co.* v. *Miller,* 141 Ind. 533, 550 (37 N. E. 343), the court said:

"An inferential fact is an inference or conclusion from the evidentiary facts; it is an inference or conclusion from evidence. This being true, such conclusions are not conclusions of law, but they are inferences or conclusions of fact. It is, therefore, not necessary to set out or return the evidence from which the jury draw or infer such facts. Such inferences or conclusions being matters of fact purely, and as the jury are the exclusive judges of the facts they alone can determine what are the proper and legitimate inferences or conclusions to be drawn from the evidentiary facts. That is the reason why it neither helps nor harms their special verdict to embrace the evidentiary facts therein further than to needlessly encumber the record, thereby inducing confusion."

13. The defendants say, in reference to finding of fact No. 3:

"This is a mere conclusion, and not a finding of the facts at all.   If there was an 'agreed price,' there

must have been an agreement. What was the agreement? When was it made? How was it made?"

It was altogether unnecessary for the court to state in its finding the evidentiary facts from which it inferred the ultimate facts. Exhibits 1 and 2, comprising an offer and the acceptance thereof, constitute an agreement. The record discloses testimony as to what the agreement in controversy was, when it was made, and how it was made. Such being the condition of the record, it was the duty of the court to state the ultimate facts.

14. From the facts adduced in evidence, the court found that the plaintiff, between the twenty-fourth day of March and the thirtieth day of October, 1920, at the special instance and request of defendants, sold and delivered to the defendants goods, wares and merchandise at the agreed price of $13,033.75. Measured by the legal test, the finding is not indefinite or uncertain.

The defendants cite a number of Oregon cases. Among them is *Turner* v. *Cyrus,* 91 Or. 462 (179 Pac. 279). In that case this court held that the finding of the lower court "that the issues are with the plaintiff and that the allegations of the complaint filed in the above-entitled action are true," was an insufficient finding of fact. The holding of the court in that case is in harmony with the decisions previously made. In this jurisdiction a blanket finding, such as that made in *Turner* v. *Cyrus, supra,* is insufficient upon which to base a judgment.

The defendants likewise cite the case of *Drainage Dist.* v. *Crow,* 20 Or. 535 (26 Pac. 845). In that case we note the following findings:

"The court now finds that the allegations of the complaint are not sustained; that said Drainage Dis-

trict is not legally organized; that said alleged tax has not been legally levied; and as conclusions of law the court finds that the defendant is entitled to judgment against the plaintiff.''

On appeal, this court properly held that the above was not a sufficient finding of fact, as measured by our Code.

15, 16. These questions have been before the court so often that it should not require the citation of any authority to support the proposition that whenever a case is tried by the court without the intervention of a jury, findings must be made by the court on all material issues; that the facts found must be sufficient to sustain the judgment; that such findings are analogous to a special verdict, and, like a verdict rendered by a trial jury, can be set aside only when the court can affirmatively say that there is no evidence in support thereof.

17. In the instant case, the counterclaims constituted material issues between the parties to the litigation, and it was necessary for the court to make findings covering the issues concerning such claims. Relating to the counterclaim for $68.25, the court, after considering all the evidence as to the indebtedness, found:

''That the plaintiff did not agree to reduce the purchase price hereinabove referred to in any amount, and particularly the amount of $68.25 by reason of any lessening or reduction in the amount of steel which plaintiff should and would furnish under its said contract with the defendants.''

The averred agreement involving that counterclaim was an issue made by the pleadings. The court inferred from the evidence that no such agreement was ever made, and as a conclusion of law found:

"That the plaintiff is not indebted to the defendants in the sum of $68.25, or any other sum, arising out of the defendants' first counterclaim."

18. The defendants pleaded a counterclaim amounting to $113.75 for bending and cutting steel furnished by plaintiff for the Labor Temple. They averred that the plaintiff undertook and agreed to furnish such steel, bent and cut, but failed and neglected to bend and cut the steel, and that defendants were thereby compelled to perform work, labor and services for the plaintiff in bending and cutting that material, and that by reason of such services performed by the defendants the plaintiff became indebted to the defendants in the sum of $113.75. The court found, from evidentiary facts:

"That the plaintiff furnished steel according to the plans, specifications and details furnished by the architect for the building for which said goods, wares and merchandise were sold by plaintiff, and that the defendants were not compelled to do or perform work, labor or services in bending or cutting said steel by reason of any fault, failure or neglect on the part of the plaintiff to deliver the goods, wares and merchandise it had agreed to furnish."

This finding was broad enough to support the conclusion of law deduced therefrom.

The defendants assign error because of the exclusion of the testimony of Fred Zanello relating to the raise in the price of material being included in the contract price between the Labor Temple Association and Zanello Bros.

"Q. What did you do with reference to reporting that raise to the Labor Temple people?"

The record shows that the question was objected to, the objection sustained, and no exception reserved.

"Q. State whether or not that raise was included in the contract price at which the Labor Temple let the work to you."

The court sustained an objection made by the plaintiff to the latter question and the defendants reserved an exception to the ruling of the court.

In their argument in support of their position, the defendants say, in reference to the excluded testimony, that:

"It comes clearly within the well known exception to the rule against self-serving declarations."

19, 20. It is a general rule that statements made by a witness out of court, which are consistent with his sworn testimony, are not competent corroborative evidence of the testimony of the witness adduced in court, and the great weight of authority holds that the declarations of a party in his own favor are deemed self-serving and are not admissible in his behalf. With certain exceptions, self-serving declarations, whether written or oral, not parts of the *res gestae,* are not competent: *State* v. *Anderson,* 10 Or. 448; *State* v. *Smith,* 43 Or. 109, 110 (71 Pac. 973); *Wirth* v. *Richter,* 63 Or. 114, 116 (126 Pac. 987); *Service Lbr. Co.* v. *Sumpter Val. Ry. Co.,* 67 Or. 63, 80 (135 Pac. 539); *Hillsboro Nat. Bank* v. *Garbarino,* 82 Or. 405, 410 (161 Pac. 703); *Stanfield* v. *Arnwine,* 102 Or. 289 (202 Pac. 559); 4 Chamberlayne, The Modern Law of Evidence, § 2734.

"It is a well-established general rule that a statement of a party, whether oral or written, which is of a self-serving nature, is not admissible in evidence

in his favor. * * " 22 C. J., § 193, p. 220, and numerous cases cited.

21, 22. Under the exception to the general rule, the testimony sought to be introduced was not competent. '

"Where, however, a witness has been assailed on the ground that his story is a recent fabrication, or that he has some motive for testifying falsely, proof that he gave a similar account of the transaction when the motive did not exist, before the effect of such account could be foreseen, or when motives of interest would have induced a different statement, is admissible; but in order to bring a case within this rule, it must appear that the conversation occurred soon after the transaction, is consistent with the statements made on oath, and contains such fact or facts pertinent to the issues involved as reasonably furnish to the jury some test of the witness' integrity and accuracy of recollection." 40 Cyc. 2789.

To similar effect see 1 Thompson on Trials, §§ 574–577.

The exclusion of the testimony was not error.

However, the record does show, from the testimony of W. W. Lucius, that Zanello Bros. reported, in a letter, that the price of reinforcing steel included in their bid was raised in the sum of $400, and Exhibit "D," being the revised figures on the Labor Temple building, was based upon the report made by the letter. This statement was received into the record over the objections of plaintiff.

23. Defendants aver error because of the court's overruling their objection to certain testimony given by C. J. Montag relating to custom. Under the pleadings and the condition of the record, the question was not technically proper: *Simms* v. *Sullivan*, 100

Or. 487 (198 Pac. 240, 15 A. L. R. 678). ''Custom'' is thus defined:

''In its more technical legal sense, a custom is a usage which has obtained the force of law. In other words, it is a law established by long usage. * * The word 'custom' is also employed by the courts in its more popular sense of a practice or course of acting. It is in this sense that we find it used most frequently in the discussion of the admissibility of evidence of 'custom' as bearing upon questions of negligence.'' 17 C. J. 446.

But the answer made by the witness contained no prejudicial matter.

24. We have examined all assignments of error, but find none that justify a reversal of this case. The briefs contain a very full discussion of the evidence, but we are precluded from weighing the evidence. The lower court has found the facts.

This case is affirmed.

                              AFFIRMED.   COSTS RETAXED.

McBRIDE, C. J., and BEAN and McCOURT, JJ., concur.